UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMOTHY LUNDY, 03-B-0772,

        Petitioner,

        -v-                                       09-CV-6410(MAT)
                                                        **ORDER**
JAMES T. CONWAY, Superintendent,

        Respondent.

---

## I.   Introduction

*Pro se* petitioner Timothy Lundy ("petitioner") has filed a petition for writ of habeas corpus challenging the constitutionality of his conviction of Murder in the Second Degree (N.Y. Penal L. § 125.25(1)) in Monroe County Court, following a jury verdict before Judge Richard A. Keenan. Petitioner was sentenced an indeterminate term of imprisonment of twenty-five years to life.

## II.  Factual Background and Procedural History

Petitioner's conviction stems from an incident that occurred during the early morning hours of January 26, 2002, wherein Whitney Morris was shot and beaten to death on Turner Street in the City of Rochester by petitioner and another man, Derrick Gause, following an argument. Trial Tr. 562-586, 708-724, 813-816, 882-903.

Petitioner appealed his conviction to the Appellate Division, Fourth Department, on the following grounds: (1) the trial court erred in failing to question the jury pool or grant a mistrial

following the excusal of a juror; (2) the trial court erred in failing to order the prosecution to turn over the criminal history reports of civilian witnesses; (3) an erroneous jury instruction on accomplice liability deprived petitioner of a fair trial; (4) cumulative error; and (5) the sentence was harsh and excessive. Resp't Appx. A. The Appellate Division unanimously affirmed the judgment of conviction. People v. Lundy, 48 A.D.3d 1046 (4th Dept. 2008). Petitioner sought leave to appeal to the New York Court of Appeals on the grounds that the accomplice instruction denied petitioner a fair trial and cumulative error. Resp't Appx. F at 1, 3. Leave to appeal was denied on June 27, 2008. Lundy, 10 N.Y.3d 936 (2008).

Through counsel, petitioner moved in state court pursuant to N.Y. Crim. Proc. L. § 440.10 to vacate the judgment of conviction on the basis of newly discovered evidence. Resp't Appx. K. The Monroe County Court denied petitioner's application, and leave to appeal that decision was denied by Fourth Department. Resp't Appx. M, N, R.

Petitioner then brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging the following grounds for relief: (1) the trial court erred in failing to question the jury pool or grant a mistrial following the excusal of a juror; (2)the prosecution should have provided the defense with the criminal history reports of certain witnesses; (3) cumulative

error; and (4) the sentence is harsh and excessive. Petition ("Pet.") ¶ 11(A)-(D).

For the reasons that follow, petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A.   General Principles Applicable to Federal Habeas Review**

        **1.   Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

        **2.   Exhaustion Requirement and Procedural Bar**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion

requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts". Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984). However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir.1991) (quoting Harris v. Reed, 489 U.S. 255, 263, n.9 (1989) (other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Id.

The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice (i.e., actual innocence). See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977); see also Sawyer v. Whitley, 505 U.S. 333 (1992).

**B.  Merits of the Petition**

**1.  Grounds (1) and (2) are unexhausted.**

Petitioner contends that the trial court erred in either failing to conduct an individual inquiry of jurors following Juror No. 5's excusal or granting a mistrial. Pet. ¶ 11(A). During the

4

trial, Juror No. 5 informed the court that she had learned that petitioner's sister, a defense witness, was a co-worker at her place of employment. Trial Tr. 1429-30. That juror asked to be excused, and defense counsel sought a mistrial based on the tainting of the jury pool. He also requested that any inquiry of the remaining panel should be conducted individually. Trial Tr. 1447-50. The trial court denied both requests. Trial Tr. 1449. On this point, the Fourth Department held:

> Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion for a mistrial. Defendant's assertion that the jurors were improperly influenced by the circumstances surrounding the dismissal of a sworn juror is not supported by the record . . . nor is there any indication on the record before us that the court should have conducted individual inquiries of the jurors concerning the possibility of the alleged improper influence.

Lundy, 48 A.D.3d at 1047 (citations omitted).

Petitioner also argues, as he did on direct appeal, that the trial court erred in refusing to order the prosecution to provide the criminal history reports of certain prosecution witnesses. Pet. ¶ 11(B). The Appellate Division also rejected this argument on the merits: "the [trial] court properly refused to order the People to provide the criminal history reports of certain prosecution witnesses inasmuch as the record establishes that the People were unaware of the criminal histories of those witnesses and thus were not required to furnish such reports." Lundy, 48 A.D.3d at 1047.

While petitioner argued both of these grounds in his appellate brief to the Fourth Department, he failed to seek further review of the claims in the New York Court of Appeals. See Resp't Appx. F. Because petitioner failed to present the legal and factual predicate for his claims before the highest state court, these two claims are unexhausted. Daye, 696 F.2d at 191, n.3.

In order to satisfy the exhaustion requirement, a habeas petitioner "must present his claims to a state supreme [i.e., highest] court in a petition for discretionary review in order to satisfy the exhaustion requirement." O'Sullivan, 526 U.S. at 839-40. In Jordan v. LeFevre, the Second Circuit explained that "arguing one claim in his letter while attaching an appellate brief without explicitly alerting the state court to *each claim raised* does not fairly present such claims for purposes of the exhaustion requirement." 206 F.3d 196, 199 (2d Cir.2000) (emphasis added). In petitioner's leave letter, he argued one issue at length (the accomplice liability instruction) and also suggested that his attached appellate brief would evidence "numerous additional errors" that would amount to cumulative error necessitating reversal. Resp't Appx. F at 3. He did not, however, request review of the individual claims regarding the allegedly tainted jury pool and the testifying witness' criminal records. Accordingly, the instant claims are unexhausted, as they were not fairly presented to the state's highest court.

Moreover, these claims must be deemed exhausted because he cannot raise them in any state court forum since he has used the one request for leave to appeal to which he is entitled and cannot seek collateral relief because the issues were previously determined on the merits on direct appeal. See Grey, 933 F.2d at 119-120; see e.g., N.Y. Court Rules § 500.20; N.Y. Crim. Proc. L. § 440.10(2)(a) (a motion to vacate a judgment pursuant to § 440.10 must be denied where the claim "was previously determined on the merits upon an appeal from the judgment"). That procedural default bars review here.

"Federal courts may address the merits of a claim that was procedurally defaulted in state court only upon a showing of cause for the default and prejudice to the petitioner." Bossett, 41 F.3d at 829 (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)). Petitioner does not allege cause for the procedural default. Also, he has not demonstrated that failure to consider the remaining claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Accordingly, those claims are subject to an unexcused procedural default and further review of them in this habeas proceeding is unavailable.

> **2.   Ground (3) does not set forth a basis for habeas relief.**

Petitioner avers that he is entitled to habeas relief because he was denied a fair trial by numerous and substantial trial errors.

7

Pet. ¶ 11(C). The Appellate Division summarily rejected this claim as being "without merit." Lundy, 48 A.D.3d at 1046.

The Second Circuit has recognized a "cumulative error" rule for reversal of a conviction or habeas relief. See, e.g., Sanders v. Sullivan, 701 F.Supp.1008, 1012 (S.D.N.Y.1988) (citing United States v. Alfonso-Perez, 535 F.2d 1362 (2d Cir.1976)). In order for a cumulative error claim to be the basis for federal habeas relief, it must be shown that the alleged individual errors are in fact erroneous trial court rulings. Joyner v. Miller, 01 Civ. 2157(WHP)(DF), 2002 WL 1023141 (S.D.N.Y. Jan. 7, 2002). In addition, if actual errors are discovered but it cannot be shown that one of those errors requires reversal of the conviction, then the "whole body of error is to be assessed for prejudicial effect." Sanders, 701 F.Supp. at 1013.

"In order for the cumulative effect of errors to warrant a new trial, the claimed errors must be 'so prejudicial that they rendered petitioner's trial [ ] fundamentally unfair.'" Joyner, 2002 WL 1023141 at *13 (quoting Collins v. Scully, 878 F.Supp. 452, 460 (E.D.N.Y.1995)). However, the Supreme Court has "defined the category of errors that violate 'fundamental fairness' very narrowly." Dowling v. United States, 493 U.S. 342, 352 (1990). "A habeas petitioner may not aggregate merely unfavorable rulings or events to show a lack of fundamental fairness." Collins, 878 F.Supp. at 460.

Here, the underlying claims forming petitioner's allegation of cumulative error are not reviewable by this Court because they are unexhausted and procedurally barred.[1] Accordingly, this Court cannot reach the merits of petitioner's cumulative error claim. "'Meritless claims or claims that are not prejudicial [or claims that are procedurally barred] cannot be cumulated.'" Hughes v. Dretke, 412 F.3d 582, 597 (5th Cir.2005) (quoting Westley v. Johnson, 83 F.3d 714, 726 (5th Cir.1996)) (alteration in original). This claim must therefore be dismissed.

### 3.   Ground (4) is not cognizable on habeas review.

On direct appeal, Petitioner requested that the Appellate Division exercise its discretionary factual review power to reduce his sentence on the basis that the trial court abused its discretion and imposed a harsh and excessive sentence. Pet. ¶ 11(D); Resp't Appx. A at 31. Such an attack does not implicate the constitutionality of a Petitioner's sentence. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992); Castro v. Sullivan, 662 F.Supp. 745, 753 (S.D.N.Y.1987). Where a petitioner's sentence of imprisonment falls within the limits of a valid statute, a constitutional issue is not presented. See White, 969 F.2d at 1383. Here, petitioner was sentenced to twenty-five years to life, which

---

[1] The Court observes that petitioner brought an additional claim before the state courts that he sought to aggregate in support of his claim of cumulative error. That claim was not, however, raised in the instant petition.

9

is within the statutory range for an A-I felony. See N.Y. Penal L. §§ 70.00, 125.25(1). Accordingly, the length of petitioner's sentence does not present a constitutional question cognizable on habeas review.

**IV. Conclusion**

For the reasons stated above, Timothy Lundy's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Petitioner has failed to make a "substantial showing of a denial of a constitutional right", 28 U.S.C. § 2253 (c)(2), the court declines the issue of certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   May 10, 2011
         Rochester, New York